IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02143-MSK-BNB

THE STATE OF COLORADO,

    Plaintiff,

v.

THE UNITED STATES BUREAU OF RECLAMATION,

    Defendant.

## ORDER DENYING, WITHOUT PREJUDICE, THE MOTION TO APPROVE CONSENT DECREE

THIS MATTER comes before the Court on a "Stipulated Motion for Entry of Consent Decree with United States Bureau of Reclamation" **(#7)** (Motion) filed December 27, 2006. Having considered the Motion and the Consent Decree related thereto, the Court

**FINDS** and **CONCLUDES** that:

According to the Motion, this action arises from a single claim brought pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a), for the loss of natural resources allegedly caused by the discharge of untreated waters from the Leadville Mine Drainage Tunnel into the Upper Arkansas River. The parties, through their legal representatives, have apparently entered into a Consent Decree, which was filed as three attachments to a Notice **(#2)** on October 26, 2006. The Motion requests that the Court approve the Consent Decree, which resolves this action.

The Consent Decree expressly contemplates a period of 30 days for public notice and

comment. The Motion states that notice of the Consent Decree has been published in the Denver Post and in the Herald-Democrat in Leadville, Colorado, and it is accompanied by one Objection - a letter from counsel for the City of Aurora, who asks that the Consent Decree be modified to acknowledge that there is presently no agreement on the proposed transfer of the Hayden Ranch parcel, as referenced at Section VI.6.a of the Consent Decree.

From the record before the Court, it is unable to determine whether the notice given complies with the parties' agreement or is otherwise sufficient, whether the time period for objection has passed or whether all objections have been presented. The Motion does not specify what notice was required, does not describe the contents of the notice, and does not state when it was given or provide copies of it. In addition, there is no representation as to how objections were to be made or what objections were made. As a consequence, the Court cannot conclude that everyone who is entitled to notice and an opportunity to object has received adequate notice, that the objection period has passed or that all objections, if any, have been presented to the Court.

**IT IS THEREFORE ORDERED THAT** the Court **DENIES**, without prejudice, the "Stipulated Motion for Entry of Consent Decree with United States Bureau of Reclamation" **(#7).**

Dated this 10th day of January, 2007

                                        **BY THE COURT:**

                                        *Marcia A. Krieger*

                                        Marcia S. Krieger
                                        United States District Judge