IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02143-MSK-BNB

THE STATE OF COLORADO,

       Plaintiff,

v.

THE UNITED STATES BUREAU OF RECLAMATION,

       Defendant.

## ORDER APPROVING CONSENT DECREE

THIS MATTER comes before the Court on the Plaintiff's Second Stipulated Motion for Entry of Consent Decree **(#11)**.  Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff asserts a single claim against the Defendant pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a), for the loss of natural resources allegedly caused by the Defendant's discharge of untreated waters from the Leadville Mine Drainage Tunnel into the Upper Arkansas River.

The parties, through their legal representatives, have entered into a Consent Decree.  The Consent Decree provides that the Defendant will pay $300,000 to the Plaintiff in settlement of the claim asserted in this action.  The Consent Decree obligates the Plaintiff to use the $300,000 to purchase a portion of the Hayden Ranch near Leadville, Colorado (which will be maintained as a park or open space), and to "enhance the restoration of natural resources within the Upper

Arkansas River basin." It also states that if any of the $300,000 is not spent purchasing the Hayden Ranch parcel, then the Plaintiff may, in its discretion, use the money for other purposes specifically identified.

Pursuant to its terms, the Consent Decree was filed with the Court on October 26, 2006 to allow the public to comment on it. The parties also published notice of the Consent Decree in two newspapers: the Leadville Herald-Democrat (notice published 11/2/06), and the Denver Post (notice published 1/26/07). Such notice summarized the terms of the Consent Decree and the settlement reached between the parties. It also advised that the State of Colorado will accept public comment during the 30-day period following publication of the notice, and directed that comments be sent to Vicky Peters at an address specified in the notice.

There has been only one comment on the Consent Decree. Counsel for the City of Aurora asks that the Consent Decree be modified to acknowledge that there is presently no agreement between the Plaintiff and the City of Aurora regarding the sale of the Hayden Ranch parcel, which is owned by the City of Aurora. To the extent that this is an objection to the Consent Decree, the Court overrules it. The Consent Decree does not bind any non-parties. It does not prescribe the terms of, or otherwise require, transfer of the Hayden Ranch parcel by a third party to the Plaintiff.

Based upon the representation of the parties, the Court finds that adequate notice has been given to the public of the Consent Decree. The terms of the Consent Decree are fair, reasonable, consistent with the purposes of CERCLA, and not contrary to public policy. The Consent Decree fully resolves all of the claims and disputes in this litigation.

**IT IS THEREFORE ORDERED THAT:**

(1) The Court approves the Consent Decree.

(2) The Court retains jurisdiction in this action for the limited purpose of enforcing the parties' unperformed obligations thereunder.

(3) The Clerk of Court shall docket the Consent Decree, which the parties tendered as three attachments to a Notice **(#2)**, with a separate docket number.

(4) The Clerk of Court shall close this case.

Dated this 30th day of March, 2007

                    **BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge