IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02143 MSK-BNB

STATE OF COLORADO,

Plaintiff,

v.

UNITED STATES BUREAU OF RECLAMATION,

Defendant.

## CONSENT DECREE

# TABLE OF CONTENTS

I.      BACKGROUND ................................................................................................ 3

II.     JURISDICTION ............................................................................................... 4

III.    PARTIES BOUND ........................................................................................... 5

IV.     DEFINITIONS ................................................................................................. 5

V.      STATEMENT OF PURPOSE ........................................................................ 8

VI.     PAYMENT FOR ACQUISITION OF NATURAL RESOURCES .................... 8

VII.    COVENANT NOT TO SUE BY THE PLAINTIFF ........................................ 10

VIII.   RESERVATION OF RIGHTS BY THE PLAINTIFF ..................................... 10

IX.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION ................... 11

X.      NOTICES ....................................................................................................... 11

XI.     APPENDICES ............................................................................................... 13

XII.    EFFECTIVE DATE AND RETENTION OF JURISDICTION ........................ 13

XIII.   CONSENT DECREE MODIFICATIONS ....................................................... 14

XIV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ...................... 14

XVI.    SIGNATORIES/SERVICE ............................................................................ 15

XVII.   FINAL JUDGMENT ...................................................................................... 15

# I. BACKGROUND

A.      The State of Colorado ("State") filed a complaint in this action pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. § 9607.

B.      The State's complaint alleges that the defendant the United States of America ("United States"), acting by and through the United States Department of the Interior ("DOI") and its Bureau of Reclamation ("Reclamation"), is liable under CERCLA for damages for injury to, destruction of, or loss of natural resources, including interim lost services of the natural resources within the Upper Arkansas River aquatic ecosystem, resulting from the past discharge of untreated waters from the Leadville Mine Drainage Tunnel ("LMDT").

C.      The LMDT was constructed during the WWII and Korean Conflict eras by DOI's Bureau of Mines ("BOM") to dewater flooded mines in a portion of the Leadville, Colorado mining district and to facilitate the extraction of zinc, lead, and manganese ores for national security. BOM transferred to Reclamation "full custody, accountability, and future responsibility" of and for the LMDT by a Memorandum of Agreement signed by the Director of BOM dated November 5, 1959. On December 16, 1959, the Acting Reclamation Commissioner concurred to the transfer with the stated understanding that Reclamation was not expected to spend any funds on maintenance or repair of the LMDT. On March 30, 1996 BOM ceased to exist as an agency of the United States. DOI is the successor to BOM.

D.      Reclamation completed construction of the Leadville Mine Drainage Tunnel

Water Treatment Plant ("WT Plant") in December 1991, and began continuous operation of the WT Plant in February 1992. Since the WT Plant was brought on line, Reclamation has discharged treated waters from the LMDT to the Upper Arkansas River pursuant to a National Pollution Discharge Elimination System permit issued by the United States Environmental Protection Agency ("EPA") to Reclamation.

      E.     By entering into this Consent Decree, the United States does not admit any question of law or fact and liability to the State arising out of the transactions or occurrences alleged in the complaint.

      F.     The Parties to this Consent Decree recognize, and the Court by entering this Consent Decree finds, that this Consent Decree: (i) has been negotiated by the Parties in good faith; (ii) will avoid prolonged and complicated litigation among the Parties; (iii) will further the restoration of natural resources in the Upper Arkansas River basin; (iv) is fair, reasonable, and in the public interest; and is consistent with the statutory purposes of CERCLA.

      NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

      1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and Section 113(b) of CERCLA, 42 U.S.C. § and 9613(b).

### III. PARTIES BOUND

2.      This Consent Decree applies to and is binding upon the State and the United States. The Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

### IV. DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

        a.      "Bureau" means the Bureau of Reclamation of the United States Department of the Interior and any successor bureau or agency.

        b.      "CERCLA" means the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675.

        c.      "Consent Decree" means this Consent Decree and all appendices attached hereto (listed in Section XI (Appendices)). In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

        d.      "Day" means a calendar day unless expressly stated to be a working day. "Working Day" shall mean a day other than a Saturday, Sunday, or Federal holiday. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business

of the next working day.

e.    "DOI" means the United States Department of the Interior and any successor departments or agencies of the United States.

f.    "Effective Date" means the effective date of this Consent Decree as provided by Section XII of this Consent Decree (Effective Date and Retention of Jurisdiction).

g.    "Hazardous Substances" shall mean any "hazardous substance" under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

h.    "LMDT" means the Leadville Mine Drainage Tunnel which is located in Lake County, Colorado and drains a portion of the Leadville, Colorado mining district. The LMDT discharges waters to the Upper Arkansas River. A map generally depicting the location and portal of the LMDT and the California Gulch NPL Study Area is attached as Appendix A.

i.    "Natural Resource" or "Natural Resources" means land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State for the benefit of the public.

j.    "Natural Resource Damages" means any damages recoverable by the State on behalf of the public, for injury to, destruction of, loss of, loss of use of, or impairment of Natural Resources as a result of the release of hazardous substances from the LMDT, including, but not limited to: (i) the costs of assessing such injury, destruction, or loss or impairment arising from or relating to such release; (ii) the costs of restoration,

rehabilitation, or replacement of injured or lost natural resources or of acquisition of equivalent resources; (iii) the costs of planning such restoration activities; (iv) compensation for injury, destruction, loss, loss of use, or impairment of natural resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15.

k.      "Paragraph" means a portion of this Consent Decree identified by an arabic numeral or an upper case letter.

1.      "Parties" means the State and the United States.

m.      "Plaintiff" means the State.

n.      "Reclamation" means the United States Department of the Interior's Bureau of Reclamation, and any successor department, agency, or bureau of the United States.

o.      "Section" means a portion of this Consent Decree identified by a roman numeral.

p.      "Site" means the area where Natural Resources may have been impacted by releases of hazardous substances at or from the LMDT, including but not necessarily limited to that portion of the Upper Arkansas River Basin designated as Operable Unit 11 of the California Gulch NPL Superfund Site (depicted on Appendix A).

q.      "State" means the State of Colorado and all its agencies and instrumentalities.

r.      "State Trustees" means the Attorney General for the State of Colorado, the Executive Director of the Colorado Department of Public Health and the Environment, and the Executive Director of the Department of Natural Resources, all

acting on behalf of the public.

   s.  "Subparagraph" means a portion of this Consent Decree identified by a lower case letter or an arabic numeral in parentheses.

   t.  "United States" means the United States of America, including all of its departments, agencies, and instrumentalities.

## V. STATEMENT OF PURPOSE

  4.  The mutual objectives of the Parties in entering into this Consent Decree are: (i) to contribute to the restoration, replacement, or acquisition of the equivalent of the natural resources allegedly injured, destroyed, or lost as a result of hazardous substance releases at and from the LMDT; (ii) to resolve the United States' liability, if any, for Natural Resource Damages as provided herein; and (iii) to avoid potentially costly and time-consuming litigation.

## VI. PAYMENT FOR RESTORATION OF NATURAL RESOURCES

  5.  <u>Payment for Restoration of Natural Resources.</u>

   a.  Within ninety Days after the Effective Date of this Consent Decree, Reclamation will pay a total of $300,000 to the State to be deposited by the State in a segregated sub-account of the State's interest-bearing Natural Resource Damage Recovery Fund (the "NRDR Fund") for the purpose described in the following Paragraph 6.

   b.  If the payment to the State is not made within 90 days after the Effective Date of this Consent Decree, interest on the unpaid balance shall be paid at the rate established pursuant to section 107(a) of CERCLA, 42 U.S.C. 9607(a), commencing on the 91st day after the Effective Date of this Consent Decree and accruing through the

date of payment.

        c.     The Bureau shall make such payment, including any accrued interest, by delivering a check payable to the "Treasurer, State of Colorado" to the Attorney General of the State of Colorado, 1525 Sherman Street, 5th Floor, Denver, CO, 80203. The Bureau shall send a copy of the transmittal letter and check to Joe E. Montoya at the same address.

        d.     The State recognizes and acknowledges that the payment obligation of Reclamation under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Agreement shall be interpreted or construed as a commitment or requirement that Reclamation obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

      6.     Management and Application of Funds.

        a.     The funds contributed by Reclamation will be used by the State to purchase that portion of the so-called Hayden Ranch near Leadville, Colorado located east of Colorado State Highway 24 and west of the Arkansas River as depicted on Appendix B, to be managed and maintained as a park or other open space for the benefit of the public and to enhance the restoration of natural resources within the Upper Arkansas River basin.

        b.     If there is any principal or interest thereon in the sub-account of the State's NRDR Fund not expended for the State's acquisition of such portion of the Hayden Ranch, the State may in its discretion: (i) disburse such funds for any costs associated with the management or maintenance of such property, and/or (ii) transfer all or any amount to the general account of the NRDR Fund to be applied toward the costs of restoration,

rehabilitation, or replacement of injured natural resources, and/or acquisition of equivalent resources, including but not limited to any administrative costs and expenses necessary for, and incidental to, restoration, rehabilitation, replacement, and/or acquisition of equivalent resources planning, and any restoration, rehabilitation, replacement, and/or acquisition of equivalent resources within the Upper Arkansas River basin.

## VII. COVENANT NOT TO SUE BY THE PLAINTIFF

7.     Covenant by the State. Except as specifically provided by Paragraph 8 (General Reservations) and Paragraph 9 (Special Reservations Regarding Natural Resource Damages), the State covenants not to sue the United States for Natural Resource Damages pursuant to CERCLA Section 107, 42 U.S.C. § 9607, with regard to discharges from the LMDT. This covenant not to sue shall take effect upon receipt of the Bureau's payment pursuant to Paragraph 5 of this Consent Decree. This covenant extends only to the United States, and does not extend to any other person or entity.

## VIII. RESERVATION OF RIGHTS BY PLAINTIFF

8.     General Reservations. The State reserves, and this Consent Decree is without prejudice to, all rights against the United States with respect to all matters not expressly included within Paragraph 7 (Covenants by the State), including but not limited to, liability, if any, for damages for injury to, destruction of, or loss of natural resources, or the costs of assessment thereof, resulting from any future releases due to catastrophic failure of the LMDT or exceedences of discharge permit conditions.

9.     Special Reservations Regarding Natural Resource Damages. Notwithstanding any other provision in this Consent Decree, the State reserves the right to

institute new proceedings against the United States in this action or a new action seeking

recovery of Natural Resource Damages, including costs of damages assessment, based on:

(i) conditions caused by the discharge from the LMDT to the Upper

Arkansas River unknown to the State as of the date of the lodging of this Consent

Decree, that result in releases of Hazardous Substances that contribute to injury to,

destruction of, or loss of Natural Resources, or

(ii)      information received by the State after the date of the lodging of this

Consent Decree which indicates that releases of Hazardous Substances at or from the

LMDT have resulted in injury to, destruction of, or loss of Natural Resources of a

type or future persistence that was unknown to the State as of the date of the lodging

of this Consent Decree.

## IX. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

10.      The Parties agree, and by entering this Consent Decree this Court finds, that

the United States is entitled, as of the Effective Date of this Consent Decree, to protection

from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42

U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters

addressed" in this Consent Decree are Natural Resource Damages associated with releases

of Hazardous Substances at or from the LMDT.

## X. NOTICES

11.      Whenever, under the terms of this Consent Decree, notice is required to be

given or a document is required to be sent by one Party to another, it shall be directed to the

individuals at the addresses specified below, unless those individuals or their successors

give notice of a change to the other Parties in writing. Written notice as specified herein

shall constitute complete satisfaction of any written notice requirement of the Consent

Decree with respect to the State and the United States, respectively.


<u>As to the State:</u>

      <u>As to the Colorado Attorney General's Office</u>

      Vicky L Peters
      Senior Assistant Attorney General
      Colorado Attorney General's Office
      1525 Sherman Street, 5th Floor
      Denver, CO 80203

      <u>As to the Colorado Department of Public Health and Environment</u>

      Jeff Deckler
      Remedial Projects Manager
      4300 Cherry Creek Drive South
      Denver, CO 80246

<u>As to the United States:</u>

    <u>As to the Department of Justice:</u>

        Chief, Environmental Enforcement Section
        Environment and Natural Resources
        Division U.S. Department of Justice
        P.O. Box 7611
        Ben Franklin Station
        Washington, D.C. 20044-7611
        Reference: DJ #90-11-3-138/8

    <u>As to the Department of Interior and Reclamation:</u>

        Michael J. Ryan
        Regional Director
        Great Plains Region
        Bureau of Reclamation
        P.O. Box 36900
        Billings, MT  59107-6900

## XI. <u>APPENDICES</u>

12.    The following appendices are attached to and incorporated into this

Consent Decree:

"Appendix A" is a map generally depicting the location and portal of the LMDT and

the California Gulch NPL Study Area.

"Appendix B" is a map depicting the location of a portion of the Hayden Ranch

to be purchased with the proceeds of this settlement.

## XII. <u>EFFECTIVE DATE AND RETENTION OF JURISDICTION</u>

13.    This Consent Decree shall take effect upon entry by the Court.

14.    The Court shall retain jurisdiction to modify and enforce the terms and

conditions of this Consent Decree and to resolve disputes arising hereunder as may be

necessary or appropriate for the construction or execution of this Consent Decree.

## XIII. CONSENT DECREE MODIFICATIONS

15.    Any material modification of this Consent Decree shall be made by agreement of the Parties to this Consent Decree and in writing, and shall not take effect unless approved by the Court. Any non-material modification of this Consent Decree shall be made by agreement of the Parties to this Consent Decree and in writing, and shall not take effect until filed with the Court. Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Consent Decree.

16.    The provisions of this Consent Decree are not severable. The Parties' consent hereto is conditioned upon the entry of the Consent Decree in its entirety without modification, addition, or deletion except as agreed to by the Parties.

## XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

17.    This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The State reserves the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. The United States consents to the entry of this Consent Decree without further notice. If for any reason the Court should decline to approve this Consent Decree in the form presented, or if approval and entry is subsequently vacated on appeal of such approval and entry, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV. SIGNATORIES/SERVICE

18.     The undersigned representatives of the State and the United States certify

that he or she is fully authorized to enter into the terms and conditions of this Consent

Decree and to execute and legally bind such Party to this document. This Consent Decree

may be executed in multiple counterparts, each of which shall be deemed an original, but

all of which, taken together, shall constitute one and the same instrument.

19.     The United States hereby agrees not to oppose entry of this Consent Decree

by this Court or to challenge any provision of this Consent Decree unless the State has

notified the United States in writing that it no longer supports entry of the Consent Decree.

20.     The United States hereby agrees to accept service of process by mail and to

waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil

Procedure and any applicable local rules of this Court, including but not limited to service

of a summons. The State may serve counsel for the United States as designated below.

## XVI. FINAL JUDGMENT

21.     This Consent Decree and its appendices constitute the final,

complete, and exclusive understanding among the Parties with respect to the

settlement embodied in the Consent Decree. The Parties acknowledge that there are

no representations, agreements, or understandings relating to the settlement other

than those expressly contained in this Consent Decree.

22.     Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment between and among the State and the United States.

The Court finds that there is no reason for delay and therefore enters this judgment as a final

judgment under Fed. R. Civ. P. 54 and 58. Each party shall bear its own costs and attorneys

fees.

SO ORDERED THIS_____DAY OF_____, 2006

UNITED STATES DISTRICT
JUDGE

_____

FOR THE STATE COLORADO

Date: _April 12, 2006_

JOHN SUTHERS
Attorney General and Trustee for Natural Resources
Colorado Department of Law
1525 Sherman Street, 7th Floor
Denver, CO 80203

Date: _April 6, 2006_

DENNIS E. ELLIS
Executive Director, Colorado Department of Public
Health and Environment and Trustee for Natural
Resources
4300 Cherry Creek Drive South
Denver, CO 80245-1530

Date: _April 10, 2006_

RON CATTANY
Director, Colorado Division of Minerals and
Geology and Trustee for Natural Resources
1313 Sherman Street
Denver, CO 80203

Date: _April 10, 2006_

VICKY L. PETERS*
Senior Assistant Attorney General
Hazardous and Solid Waste Unit
Natural Resources and Environment Section
1525 Sherman Street, 7th Floor
Denver, CO 80203
Telephone: (303) 866-5068
*Counsel of Record

FOR THE UNITED STATES

Date: _Sept. 7, 2006_

BRUCE S. GELBER
Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
601 D Street N.W.
Room 6424
Washington, D.C. 20004

Date: _Sept. 11, 2006_

JEREL L. ELLINGTON*
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 945 NT
Denver, CO 80202
*Counsel of Record

Date: _MAY 5, 2006_

MICHAEL J. RYAN
Regional Director
Great Plains Region
Bureau of Reclamation
P.O. Box 36900
Billings, MT  59107-6900

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing CONSENT DECREE PENDING PUBLIC NOTICE was served via electronic transmission on October 26, 2006, to the following:

Jerel L. Ellington
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
303-844-1363
jerry.ellington@usdoj.gov

        E-filed pursuant to D.C.COLO.L.CIV.R. 5.6
        and 10.1.  A duly signed original is on file at the
        Office of the Attorney General for the State of
        Colorado


        _____ /s/ Vicky L. Peters_____
        VICKY L. PETERS